## RUBLE v. ATKINS.

1. **New trial:** VERDICT: SPECIAL FINDINGS. Where a general verdict and special findings have been returned, the granting of a motion for a new trial will operate to set aside all the special findings, when the motion was not limited to some of the facts in issue.

2. **Practice:** FINDINGS BY THE COURT. No error can be assigned upon a failure of the court to find upon any particular fact when no request therefor has been made by either party.

3. ——: ——: SUFFICIENCY OF EVIDENCE. The appellate court will interfere with a finding, only when it is clearly not sustained by the evidence.

### *Appeal from Winneshiek Circuit Court.*

### FRIDAY, JUNE 19.

THIS action was commenced to recover on three promissory notes, and to foreclose a mortgage on real property. The cause, on the trial in the Circuit Court, was, by consent, consolidated with another cause therein pending between the parties on a promissory note. The causes being tried to a jury, a verdict was rendered for plaintiff on the note for $40, and for defendant for $110.40, as damages claimed by him in the foreclosure action. The jury also returned a special verdict, consisting of fourteen interrogatories and answers thereto. Plaintiff filed a motion to set aside the general verdict, and also the special findings numbered 2, 3 and 10, and for a new trial of the cause as to the notes and mortgage. This motion was sustained, and the cause re-tried by the court without a jury, in which judgment was rendered for defendant for costs. Both parties appeal.

*L. Bullis* and *M. P. Hathaway*, for plaintiff.

*Morss & Brown*, for appellant.

MILLER, CH. J.—The answer admits the execution of the notes and mortgage, and alleges that they were given for a threshing machine sold by plaintiff, as agent of Russell & Co.,

to defendant; that there was fraud in such sale; that there was no consideration for the notes; that the consideration has failed; that the notes had been paid; that the notes sued on were made to Russell & Co.; that plaintiff was the agent of Russell & Co. in the sale of said machine and taking the notes and mortgage, and had notice of the defendant's equities. After the first trial the defendant filed an additional answer claiming damages on account of the failure of plaintiff to deliver the machine at the time agreed upon, and for deficiencies in the appurtenance of the machines, etc.

· On the second trial, the court made the following findings of fact and law:

" I find the following facts in the above entitled cause:

: " 1. That the consideration of the notes in suit was a threshing separator sold by Russell & Co. to the defendant. ·

; " 2. That at such sale plaintiff was the general agent for Russell & Co., and that Hughes was their special agent in making the sale.

" 3. That the separator was to be delivered to defendant at Postville, Iowa, July 25; 1869, and that it was not delivered till September 18, 1869.

" 4. That the separator was to be adapted for use with a steam power.

. " 5. That Russell & Co. failed to furnish a jack for the purpose of connecting the steam power and the separator, and agreed to pay defendant for making it, and that defendant made one, and that it was reasonably worth $30.

" 6. That defendant sustained damages in consequence of going to Postville and McGregor for the separator, on account of plaintiff's neglect to furnish it, and for expenses paid, in the sum of $23.

" 7. That the steam power was not adapted for use with the separator, and that defendant sustained no damages in consequence of being deprived of the use of the separator from July 25 to September 18, 1869.

· · " 8. That the notes were transferred by Russell & Co. to plaintiff after the sale of the separator.

. " 9. That about the 24th day of October, 1870, Hughes was

the special agent for plaintiff for the collection of the notes in suit.

"10. That as such special agent, and without previous authority from his principal, he received in payment from defendant personal property (not money) of the assessed value of $657.

"11. That such property when received by Hughes was on the place of one Krum.

"12. That Hughes receipted for and took away with him $447 worth of said property, and arranged with Krum to allow the remainder of the property to remain on and near his farm till he could get the mortgage from plaintiff and return for the property.

"13. That Hughes informed plaintiff what he had received in payment on the notes.

"14. That plaintiff refused to receive the property from Hughes, and required Hughes to pay to him in lieu of the property taken from Krum's, the sum of $447, which amount was indorsed on the notes.

"15. That no notice was ever given to defendant that plaintiff did not approve of the act of Hughes in accepting the property in payment of the notes.

"16. That the plaintiff, by his silence and his act in receiving the benefit of his agent's act, in part ratified his acts.

"I find the following conclusions in law:

"That defendant is entitled to his judgment for costs, and judgment is made accordingly.

"C. T. GRANGER, *Judge*."

The plaintiff assigns error in refusing to receive in evidence the special findings and judgment in the first trial, and in not finding that the defendant was estopped by such special findings in respect to the claim of $657, as a payment on the notes in suit.

The argument on this point is, in effect, that since plaintiff, in his motion for a new trial had asked to set aside only the 2d, 3d, and 10th special findings, the others stood as binding and conclusive as if the verdict had

1. NEW TRIAL: verdict: special findings.

not been set aside and a new trial granted. In this we do not concur. Whether, in a case like this, where a general verdict and also special findings are returned by the jury, it is practicable to set aside the general verdict and some of the special findings, and leave the other special findings binding and conclusive on the parties, we do not decide, but we are of opinion that such was not the effect in this case, for, while it is true that the plaintiff, in his motion, attacked only a portion of the special findings of fact, yet he asked to have the general verdict set aside and for a new trial, *without limiting his prayer for a new trial to some only of the facts in issue*, and the court granted a new trial generally, without such limitation, and, as we view it, upon all the facts in issue.

II. The plaintiff complains because the court made no special finding as to whether plaintiff or Russell & Co. owned 2. PRACTICE: the machine at the time it was sold to the defend-finding by the court. ant. There was no request by either party that this fact should be specially found. The Code, section 2743, provides that in all trials of fact by the court, other than equity trials, " the court shall, *if either party request it*, give its decision in writing, stating separately the facts found and the legal conclusions founded thereon." The court may make special findings of each or any of the facts involved in the case, without being requested, but no duty to do so is imposed by the statute unless it be requested by one of the parties. There can be no error, therefore, in the mere neglect of the court to find specially upon any particular fact involved, even where it does find specially upon some other facts in controversy. The judgment would include the finding of all the facts necessary to support it, not specially found.

III. The balance of plaintiff's argument is devoted to a discussion of the evidence in connection with the findings of 3. ——: ——: fact by the court. It is insisted that many of these sufficiency of evidence. findings are unsupported by the evidence; that the preponderance of evidence is in plaintiff's favor, and the court should have so found. After very carefully reading and re-reading the evidence in the case, we are unable to discover that any of the findings complained of are so unsupported thereby

Ruble v. Atkins.

as to warrant us in disturbing the judgment on this ground. While in respect to some of the facts found we might be inclined to find differently from the court below, if the case were before us originally on the facts, yet this is not the rule by which this court is governed. It is only where the finding is clearly and manifestly unsustained by the evidence that the appellate court is warranted in interfering therewith. This rule has been so frequently stated that the citation of cases is unnecessary.

The questions discussed by defendant, on his appeal, are also exclusively those of fact, based upon the evidence in the case. What we have just said sufficiently answers and disposes of defendant's appeal. Finding no error in the record which will authorize a reversal of the judgment, it will be

AFFIRMED.