L. M. JEFFERIES, Appellee, v. WALTER PRALL, Appellant.

No. 41700.

FEBRUARY 14, 1933.

·Lee R. Harding, for appellant.

John E. Purcell, for appellee.

MITCHELL, J.—Appellee is engaged, with his father, in the real estate business in the city of Clinton, under the name of J. Q. Jefferies & Company. For about twenty-two years before this action was commenced Jefferies & Company had been acting as rental agents for Ankeny & Company. In October, 1930, appellee learned that Ankeny & Company were planning to remodel a building known as the Toll Block, in the city of Clinton, and that it would be necessary for them to arrange a loan for that purpose. It appears from the record that appellee imparted this information to appellant, who is a loan broker, with the suggestion that appellant might be able to arrange the loan through his connections; and appellee's claim is based on an alleged oral agreement of the appellant to pay to appellee one fourth of any commission that appellant might receive for negotiating the Ankeny loan. Appellant claims that appellee talked with him at different times about negotiating a $50,-000 loan for Ankeny & Company, and that, in one of these conversations, appellee asked him what the commission would amount to, and appellant told him it would be $1,000 on a five-year loan. He states that appellee then asked him if there would be anything in it for Jefferies & Company, and that he replied, "No, not at that," and that appellee wanted to know how to get a commission, and stated that he thought he ought to have $500. Appellant testified that he told him the only way he could get it would be to raise the commission, which could be done by changing from a five to a ten-year loan, making the total commission $1,500 instead of $1,000.

The negotiations with Ankeny & Company were carried on for several months, but were finally dropped because Ankeny & Company and appellant's principal were unable to agree upon the conditions under which the loan would have to be made. This was not due to any failure on the part of appellant to get the loan, and, as a compromise settlement of his claim for commission, Ankeny & Company paid him $900. Appellee's action was instituted to collect one fourth of that amount under his alleged oral contract with appellant.

The cause was tried to the court without a jury and judgment was rendered for appellee as prayed.

Appellant contends that the court erred (1) in entering judgment for appellee, and (2) in overruling appellant's motion for a new trial.

There is no merit in either contention.

That the finding of a court has the force and effect of a verdict, and will not be interfered with when there is sufficient evidence tending to sustain it, even though the evidence is conflicting, is a rule of long standing and general recognition in this jurisdiction.

"It is only where the finding is clearly and manifestly unsustained by the evidence that the appellate court is warranted in interfering therewith. This rule has been so frequently stated that the citation of cases is unnecessary." Ruble v. Atkins, 39 Iowa 694.

This cause is not triable *de novo* in this court, and, in such cases, the finding of the lower court upon questions of fact stands as the verdict of a jury, and will not be disturbed on appeal unless clearly unsupported by the evidence. Knochemus v. King, 193 Iowa 1282, 1285; Miller v. McConnell, 179 Iowa 377, 382.

The question for determination is solely one of fact. There is ample evidence in the record to sustain appellee's contention, and the finding of the lower court is sufficiently supported by the evidence. Therefore, this court will not disturb the finding of the lower court.

The judgment is—Affirmed.

KINDIG, C. J., and STEVENS, ANDERSON, and KINTZINGER, JJ., concur.